D.E. 686, Ex. 1, ¶ 16.2 (emphasis added). The subcontract between Weaver Cooke and WSI defines the "Subcontractor's Work" in Attachment A-1 to the subcontract, as follows:
Provide all required labor, material, equipment, supervision, taxes and insurance to provide waterproofing, traffic coatings, and joint sealants in strict accordance with the plans and specifications and following special requirements:
Work includes:
Membrane waterproofing of below-grade foundation walls and elevator pit walls Furnishing and installing rigid insulation board in conjunction with the below-grade waterproofing
Waterproof the suspended slabs of the pool plaza and the second floor breezeway using 180 mils of the specified membrane, surface conditioner, protection board and drainage mat including a 10-year watertightness warranty
Provide and install the specified traffic coating system to balconies and upper level parking deck and ramp
Shotblast or pressure wash surfaces to receive traffic coatings
Caulk exterior masonry control joints, EIFS to masonry joints, under balconies, exterior window and door perimeters, slab on grade control joints, interior floor expansion joint assemblies, exterior masonry wall expansion joint assemblies, and interior floor-to-floor fire-rated blankets at exposed expansion joints and between walls
Weaver Cooke Response (D.E. 759-1) at 3 (Attachment A-1).
The language of this indemnity provision specifically precludes recovery for damage to "the Work," which in this instance consists *501 of WSI's installation of the concealed waterproofing and traffic coatings per the terms of the subcontract recited above. As with the ECM Indemnity Remand Order, this court sees no sound basis upon which it could possibly conclude, using the district court's broader view of what comes within a subcontractor's scope of work (as articulated in that court's orders discussing the economic loss rule), that the damages for which Weaver Cooke would seek contractual indemnity here are for damage outside the scope of WSI's "Work." Summary judgment will be granted to WSI on this basis.
III. District Court WSI Clarification Order on Remand
Finally, with respect to the issue remanded by the district court in its disposition on appeal of the WSI Clarification Order, the court has carefully and thoroughly reviewed its own orders as well as the parties' pleadings in relation to them. Having done so, the court clarifies that its analysis as set forth in the WSI First Order (D.E. 904) did extend and pertain to the defects alleged with respect to the second floor balconies over habitable space and the pool courtyard (terrace) PT slab. Thus, Weaver Cooke's claims as to those components of the SkySail project likewise were, and are, barred by the statute of limitations.
CONCLUSION
For the foregoing reasons, on remand, WSI's motion for summary judgment on the contractual indemnity claim is ALLOWED on grounds of Weaver Cooke's contributory negligence. In addition, and in the alternative, WSI's motion is ALLOWED on grounds that Weaver Cooke's claim for damages pertains wholly and only to "the Work" performed by WSI as defined within the parties' subcontract and the attachments thereto, and is for that reason excepted from recovery in indemnity. And, finally, with respect to the issue remanded by the district court in its order of January 4, 2017, the court clarifies and confirms that its analysis as set forth in the "First Order" (D.E. 904) does apply to the sequencing defects associated with the concealed waterproofing applied to SkySail's second floor balconies over habitable space, as well as on the pool courtyard (terrace) TP slab.
SO ORDERED.